**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　Plaintiff, )<br>　)<br>　v. )<br>　)<br>MELVIN ANDERSON, )<br>　　　　Defendant. ) | 1:23-cr-00174-MPB-TAB |

### DEFENDANT'S SENTENCING MEMORANDUM

　　Mr. Anderson, 21 years old when arrested and 23 years old today, is before the Court for guilty plea and sentencing for offenses of advertising, distribution, and possession of child pornography. The circumstances leading up to and contributing to the offense are baffling. Mr. Anderson, destitute and desperate at the time, observed Twitter (now X) posts offering illegal images for money. He copied the source information, copied the posts, and posted his own offers to sell child pornography images – at first intending to scam respondents. Later, having copied the available links, he offered child pornography images – normally for the sum of $10 to $25. Counsel is hopeful that Mr. Anderson may be able to present a more complete picture of the circumstances of the offense by way of allocution at his sentencing hearing.

　　If Mr. Anderson were determined to break the law to obtain money, he would be in far less trouble had he resorted to armed robbery or trafficking in kilograms of cocaine. That is not without good reason.　While the reality of his enterprise may not have dawned upon him at the time, he effectively traded on the pain and misery of child victims for relatively paltry sums of money.

　　The advice of the United States Sentencing Guidelines is based on a final offense

level of 37, criminal history category I, a range of 210-262 months. Document 56, PSI ¶ 96. The defense seeks a rather modest downward variance to the mandatory minimum sentence on the advertising count of 180 months.

The United States Sentencing Commission maintains a Judiciary Sentencing Information tool, useful for considering defendants sentenced under the same Guideline with the same final offense level and criminal history score over a 5-year period. The result applicable to the sentencing decision in this case is:

> During the last five fiscal years (FY2020-2024), there were 348 defendants whose primary guideline was §2G2.2, with a Final Offense Level of 37 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 348 defendants (100%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 151 month(s) and the median length of imprisonment imposed was 144 month(s). https://jsin.ussc.gov/analytics/saw.dll?Dashboard

Although the pool of 348 cases clearly included many cases where the sentencing judge was not constrained by the boundaries of the 180-month mandatory minimum associated with Mr. Anderson's case, the fact remains that the Guideline offense level factors in USSG §2G2.2 are grossly out of step with judicial practices across the country in examining sentencing decisions through the lens of 18 U.S.C. § 3553(a). The average sentence imposed over a 5-year period for defendants whose culpability under the Guidelines mirrored that of Mr. Anderson were sentenced to a term of imprisonment 66 months lower than the Guideline minimum. A 30-month downward variance in Mr. Anderson's case would not generate an unwarranted disparity between similarly situated defendants.

Though the guidelines typically offer a certain assurance of uniform and fair treatment of similarly situated defendants, thereby avoiding unwarranted sentencing

disparities, that can prove less true with non-production child pornography offenses, see United States Sent. Comm'n (USSC), Quick Facts: Child Pornography Offenders 2 (2023) (55.6 percent of 1,435 child pornography offenders in FY 2022 received downward variance). One could say that adhering mechanically to the guidelines in a non-production case could create the very disparity the guidelines were in part intended to prevent.

The defense has suggested that at least one offense level adjustment correctly applied in this case may overstate the seriousness of the offense.

> The court may consider a variance from the Guideline offense level on a consideration that the "use of a computer" adjustment, correctly applied at paragraph 38, is of little meaning as an aggravating factor in this case. The offense conduct may be overrepresented by consideration of the two-level adjustment. Data show that the enhancements for use of a computer and number of images are applicable in almost every case. <u>United States v. Phinney, 599 F. Supp. 2d 1037, 1042 (E.D. Wis. 2009)</u>. Document 56, Addendum.

The Sentencing Commission shares the view that the lengthy list of aggravating factors in USSG §2G2.2 include factors that are no longer distinguishable from the average case.

> Constrained by statutory mandatory minimum penalties, congressional directives, and direct guideline amendments by Congress in the PROTECT Act of 2003, §2G2.2 contains a series of enhancements that have not kept pace with technological advancements. Four of the six enhancements— accounting for a combined 13 offense levels—cover conduct that has become so ubiquitous that they now apply in the vast majority of cases sentenced under §2G2.2.   For example, in fiscal year 2019, over 95 percent of non-production child pornography offenders received enhancements for use of a computer and for the age of the victim (images depicting victims under the age of 12). Federal Sentencing of Child Pornography Non-Production Offenses, United States Sentencing Commission, June 2021, p. 10.

The Commission views this fact as a reason that the Guidelines often do not drive the sentencing decision for these offenses.

> Although sentences imposed remain lengthy, courts increasingly apply downward variances in response to the high guideline ranges that apply to the typical non-production child pornography offender. In fiscal year 2019, less than one-third (30.0%) of non-production child pornography offenders received a sentence within the guideline range. Federal Sentencing of Child Pornography Non-Production Offenses, United States Sentencing Commission, June 2021, p. 11.

Mr. Anderson was raised in a single-parent home without a father figure in his life under difficult financial circumstances. He was subjected to multiple forms of abuse as a child. PSI ¶ 64. His mental health circumstances are a bit murky but include suggestions of suicidal ideation coupled with symptoms of anxiety, depression, anger, and paranoia. PSI ¶¶ 77-80. The use of marijuana has clearly been a problem for Mr. Anderson, a fact which Mr. Anderson recognizes. PSI ¶ 81. The use of "roughly one ounce of marijuana every couple of days" could not have been a circumstance leading to good decisions and clear thinking at the time the offenses were committed. Marijuana use while under supervision landed Mr. Anderson in pretrial detention for the past 16 months.

Mr. Anderson is unmarried and childless. He has no prior criminal history, save a misdemeanor possession of marijuana conviction. He has never been accused of inappropriate conduct with a child. He is a painfully young man who made a terrible decision motivate by a perceived need for fast cash. The offense is most serious and includes real children impacted by the preservation and trading of images of their abuse. However, considering all relevant sentencing factors, the defense submits that a sentence of 180 months would satisfy the directives of 18 U.S.C. § 3553(a).

Respectfully submitted,

*William H. Dazey, Jr.*
William H. Dazey, Jr.
Indiana Federal Community Defenders, Inc.
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
317-383-3520

## CERTIFICATE OF SERVICE

I certify that on April 30, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*William H. Dazey, Jr.*
William H. Dazey, Jr.